UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLE T. ANTONIO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. ED CV 04-01553 (RZ)<br><br>MEMORANDUM OPINION AND<br>ORDER |

　　　　Because the Commissioner has not complied with the first of three directives in the September 2003 stipulated remand in Plaintiff's prior challenge to his denial of disability benefits, Case No. ED CV 03-0112 RZ, the Court will remand again.

　　　　After the Court's remand, a new administrative hearing convened, followed by another denial of benefits. Plaintiff has returned to this Court with three arguments, but the Court need address only her first: that the Commissioner simply did not do what the Court directed in the following portion of its 2003 Memorandum Opinion:

> 　　　　Plaintiff first argues that the Administrative Law Judge erred by wrongly discounting the testimony of Plaintiff's mother. Plaintiff's mother, with whom Plaintiff and Plaintiff's daughter live, testified that Plaintiff has difficulty reading

because of her pain, that she has fatigue brought about by pain during the night, which wakes her and then later makes her grouchy, that she has a lot of locking of her hip and knee joints, which causes her to be afraid to be by herself or drive, that the locking can last for a few minutes to two hours, and that she sometimes is unsteady on her feet.  [AR 28-30]  The only comment on this testimony to be found in the Administrative Law Judge's decision is "the mother's testimony credibly establish[es] no less of a residual functional capacity tha[n] that required for light work." [AR 13]

Social Security regulations provide that "a job is in [the] category [of light work] when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).  Given Plaintiff's mother's testimony, Plaintiff could not satisfy the regulation's definition of light work.  The Administrative Law Judge did say that the mother's testimony did not *credibly* establish a different residual functional capacity; however, he gave no explanation of why he thought that the testimony was not credible.

In *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), the Court reiterated the view of earlier cases that a lay witness often can make valid observations of a claimant's pain or suffering.  An administrative law judge is not required to accept the observations simply because they are made.  But, as the *Dodril* court said, "[i]f the ALJ wishes to discount the testimony of the

|   |   |
|---|---|
| 1 | lay witnesses, he must give reasons that are germane to each |
| 2 | witness." 12 F.3d at 919. This the Administrative Law Judge |
| 3 | did not do. |

Mem. Op. & Order filed Sept. 9, 2003.

In the post-remand opinion denying Plaintiff's claim, the Administrative Law Judge not only (1) again fails to address Plaintiff's mother's statements, but also (2) again concludes Plaintiff is capable of light work. It is true that, in the new opinion, the Administrative Law Judge concluded that Plaintiff was capable of only *"a significant range of* light work," and cited testimony by a vocational expert, whereas the prior Administrative Law Judge's opinion did not limit Plaintiff's "light work" and based its decision on "the Grids," *i.e.*, the Medical-Vocational Guidelines Rules, without resort to expert testimony. [*Compare* AR 165-71 (post-remand opinion) *with* AR 11-14 (initial opinion).] Nevertheless, it is not clear to the Court that *if* Plaintiff's mother's testimony were fully credited, over other evidence in the record – and the Court intimates no view on whether such a conclusion is proper – *then* Plaintiff would be able to perform even the limited range of light work described in the new opinion. Accordingly, the Court will remand the matter.

Based on this determination, the Court does not address Plaintiff's other two arguments for reversal. On remand, however, the Commissioner may wish to take those arguments into consideration.

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: March 23, 2006

*/s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE